FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

9/19/22

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SANDRA L., | No. 4:20-CV-05195-JAG |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 21, 24. Attorney Chad Hatfield represents Sandra L. (Plaintiff); Special Assistant United States Attorney Jamala Edwards represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## I.     JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on July 17, 2017, alleging disability since January 1, 2016, due to chronic bronchitis, chronic asthma, insomnia, COPD, emphysema, memory fog, right shoulder injury, arthritis, back pain, and diabetes. Tr. 75-75. The applications were denied initially and upon reconsideration. Tr. 145-53, 156-69. Administrative Law Judge (ALJ) Jesse Shumway held a hearing on March 16, 2020, Tr. 35-74, and issued an unfavorable decision on March 30, 2020. Tr. 17-30. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on August 14, 2020. Tr. 1-5. The ALJ's March 2020 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 18, 2020. ECF No. 1.

## II.     STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was born in 1968 and was 47 years old as of her alleged onset date. Tr. 28. She has a 10th grade education and has received training as a certified nursing assistant (CNA). Tr. 47, 553. She has worked primarily as a caretaker. Tr. 553. She last worked caring for her grandchildren in 2014. Tr. 39, 553. She testified that she has issues with lifting, gripping, and standing, and that she has to use a nebulizer multiple times a day. Tr. 57-60. She also testified to needing to elevate her legs every couple of hours due to swelling and that her conditions and her medications have impacted her concentration. Tr. 48-49, 62.

## III.     STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with

deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy.

*Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V.  ADMINISTRATIVE FINDINGS

On March 30, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 20.

At **step two**, the ALJ determined Plaintiff had the following severe impairment: obesity. Tr. 20. The ALJ found the rest of Plaintiff's alleged impairments to be non-severe or not medically determinable. Tr. 20-22.

At **step three**, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 23.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light exertion work with the following additional limitations:

> She can only occasionally climb ladders, ropes, scaffolds, ramps and stairs; she can only occasionally crawl, kneel, and crouch; she can frequently stoop; and she cannot have concentrated exposure to vibration or hazards (e.g., unprotected heights, moving mechanical parts).

*Id.*

At **step four**, the ALJ found Plaintiff was unable to perform her past relevant work as a child monitor, nurse assistant, or home attendant. Tr. 28.

At **step five**, the ALJ found that, based on the testimony of the vocational expert at the prior hearing, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in

significant numbers in the national economy, including the jobs of wire worker, marker, and electrical accessories assembler. Tr. 29.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. *Id.*

## VI.  ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly evaluating medical opinion evidence; (2) failing to find conditions severe at step two and failing to adequately develop the record; (3) failing to find Plaintiff disabled at step three; (4) improperly rejecting Plaintiff's subjective complaints; and (5) failing to conduct an adequate analysis at step five.

## VII.  DISCUSSION

A.  **Step Two.**

Plaintiff argues the ALJ erred at step two by failing to find several impairments to be severe, including fibromyalgia, bilateral shoulder impairments, and edema/cramping in her legs. ECF No. 21 at 13-16.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20 C.F.R. § 404.1520(a)(ii). The impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). "An impairment or combination of impairments can be found not severe only if the

ORDER GRANTING DEFENDANT'S MOTION . . . - 5

evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). The claimant bears the burden of demonstrating that an impairment is medically determinable and severe. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

The ALJ found obesity to be the only severe impairment at step two. Tr. 20. He found Plaintiff's shoulder impairments and edema were medically determinable, but were not severe, as they caused only transient or mild symptoms and limitations, were well-controlled with treatment, did not last 12 months, or were otherwise not supported by the record. Tr. 20-21. The ALJ additionally found fibromyalgia to be non-medically determinable. Tr. 21.

Plaintiff argues the record supports a finding that she suffers from these impairments and that they cause more than a slight abnormality. ECF No. 21 at 14. She further argues that if the ALJ needed additional evidence, he should have called on the services of the medical expert who was scheduled to testify at the hearing. *Id.* at 15-16. Defendant argues the ALJ reasonably discussed each of the challenged impairments and made findings that were consistent with the record. ECF No. 24 at 3-6.

The Court finds the ALJ did not err. With respect to Plaintiff's right shoulder, the ALJ noted the condition did not cause more than minimal limitations for any 12-month period, and that she had good results from surgery. Tr. 20. This finding is consistent with the record, which shows symptoms began in the summer of 2017, Plaintiff underwent decompression and debridement surgery in October, began physical therapy in November, and demonstrated rapid improvement by December 2017, reporting her pain to be controlled without medication. Tr. 361-67, 573-75, 587-98. The ALJ's conclusion that this condition did not meet the duration requirement is supported by substantial evidence.

     Regarding Plaintiff's left arm impairment, the ALJ found the condition was treated with an injection and did not meet the duration requirement. Tr. 20. This is consistent with the record, which shows Plaintiff complaining of left elbow pain in May 2018 and receiving an injection in June, with no further complaints of left elbow problems after that. Tr. 606-10. The ALJ's finding is supported by the record.

     The ALJ further found Plaintiff's edema also did not meet the durational requirement, noting that ultrasound was negative for deep vein thrombosis and Plaintiff saw good results with medication. Tr. 20. This is consistent with the medical records, which document complaints of swelling in August 2019, but by later that month the edema had significantly improved with starting Lasix. Tr. 633-37. At a visit four months later Plaintiff complained of leg cramps, but no swelling, and there was no abnormality noted on exam. Tr. 638-41. The ALJ's conclusion is supported by the record.

     With respect to fibromyalgia, the ALJ found the condition was not medically determinable, due to the record not containing the requirements of Social Security Ruling 12-2p, as there was no proper diagnosis from a physician, no exclusionary workup, and no tender-point exams. Tr. 21. Plaintiff argues the ALJ erred by effectively requiring objective evidence for a disease that does not have objective signs. ECF No. 21 at 14. However, the ALJ's analysis is consistent with the record. Plaintiff received no treatment or official diagnosis or workup for fibromyalgia, and it only appears in the record as a diagnosis by history. The only mention of wide-spread body aches occurred when Plaintiff was seen for a viral illness, with aches, chills, a runny nose, and a cough. Tr. 374. Plaintiff has not met her burden of demonstrating that fibromyalgia is a severe medically determinable impairment.

     Plaintiff also alleges the ALJ erred in failing to call on the services of a medical expert at the hearing to assist in establishing the diagnoses, and to provide testimony regarding listing equivalence for fibromyalgia. ECF No. 21 at 15-16.

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

The obligation to develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Ford v. Saul*, 950 F.3d 1141 (9th Cir. 2020); *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Plaintiff has advanced no argument that the record was ambiguous or inadequate in some way, and the Court finds the ALJ relied on substantial evidence in making his findings. While Plaintiff advocates for additional testimony, she has not pointed to any legal authority that indicates such testimony was required. The Court finds the ALJ did not err.

**B.    Step Three.**

Plaintiff argues the ALJ erred at step three by failing to find her disabled under listing 1.02B or 14.09D. ECF No. 21 at 16-18.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 404.1520(d).

Plaintiff argues the ALJ erred in failing to consider whether her fibromyalgia equaled the requirements of listing 14.09D, as she has marked restrictions in her daily activities due to pain, swelling, cramping, and an inability to be of her feet or use her hands for more than a few minutes at a time.[2] ECF No. 21 at 17-18. Defendant argues that the ALJ was not required to discuss these listings due to not

---

[2] Plaintiff also briefly asserts that she should have been found disabled under listing 1.02B, but does not address the elements of this listing or specify which of her conditions she believes is at listing level.

1 | finding the corresponding impairments to even be severe medically determinable
2 | impairments. ECF No. 24 at 6-7.

    The Court finds the ALJ did not err. Fibromyalgia is not a medically determinable severe impairment, and the ALJ reasonably found Plaintiff's upper extremity conditions to be non-severe due to not meeting the duration requirement. Furthermore, Plaintiff has not indicated how each of the elements of the Listings are met. The burden of proof is on the claimant to establish she meets or equals any of the impairments in the Listings. *See Tackett*, 180 F.3d at 1098.

**C.     Plaintiff's Subjective Statements.**

    Plaintiff alleges the ALJ improperly disregarded her subjective symptom reports. ECF No. 21 at 18-20.

    It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

    The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of

her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 24. The ALJ found Plaintiff's allegations were inconsistent with the medical evidence, and undermined by a pattern of inconsistent reports to providers, Plaintiff's conservative treatment, her lack of compliance with treatment, her daily activities, and the fact that her last job ended for non-disability-related reasons. Tr. 24-26.

Plaintiff argues the ALJ erred by explicitly misstating the record regarding her past work and her limited treatment, failed to address the undisputed evidence of Plaintiff needing to lie down and elevate her legs due to swelling, and disregarded the fact that the treatment for fibromyalgia is light exercise. ECF No. 21 at 18-20. She also reiterates that the ALJ's errors with respect to step two impacted the remainder of the evaluation. *Id.* Defendant argues Plaintiff has not challenged the specific reasons offered by the ALJ and thus waived the argument. ECF No. 24 at 9. Defendant further asserts the ALJ properly reviewed the evidence and offered multiple valid reasons for questioning Plaintiff's subjective complaints. *Id.* at 9-10.

The Court finds the ALJ did not err. Unexplained or inadequately explained reasons for failing to seek medical treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996). The ALJ reasonably found Plaintiff's explanations for not seeking more treatment did not adequately explain her limited treatment, particularly for conditions that she alleged were disabling. An ALJ may also consider a claimant's reports to her providers and whether they are consistent with her allegations. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). The ALJ noted that Plaintiff regularly denied musculoskeletal problems and mental health issues at appointments, despite alleging disabling symptoms for both in her statements to the Agency. An ALJ may also consider a claimant's activities in assessing the reliability of their reports. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir.

2007). The ALJ found Plaintiff's daily activities indicated a greater level of ability than alleged by Plaintiff, which was a reasonable interpretation of the record. Plaintiff has not offered any challenge to the ALJ's analysis on any of these points.

Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, the objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ's interpretation of the objective evidence is reasonable, and as discussed above, the ALJ did not err in findings many of Plaintiff's alleged impairments to be non-severe or non-medically determinable. The Court finds the ALJ did not err in his assessment of Plaintiff's subjective reports.

D.  **Opinion Evidence.**

Plaintiff alleges the ALJ erred by improperly rejecting the opinion from Nurse Practitioner Yeo Young Yoon. ECF No. 19 at 14-15.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 404.1520c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the

supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

Plaintiff's primary care provider, Yeo Young Yoon, DNP, completed a medical source statement in March 2020. Tr. 648-49. She noted Plaintiff's diagnoses included fibromyalgia, neuropathy, bilateral leg pain, left shoulder pain, asthma, and chronic lung disease. Tr. 648. She opined Plaintiff needed to lie down during the day due to bilateral leg pain and right leg edema, and that she was limited to sedentary work and would miss four or more days of work per month

due to physical pain, breathing difficulty, and anxiety that would limit her activity level. Tr. 648-49. She additionally stated that Plaintiff would be limited to occasional use of her right upper extremity for handling and reaching.[3] Tr. 649.

The ALJ found this opinion was unpersuasive, noting it was a brief check-box form with little meaningful explanation, and that it was based largely on multiple non-medically determinable impairments. Tr. 27. The ALJ further found the opinion inconsistent with the longitudinal record, including Nurse Yoon's own treatment records which documented unremarkable physical and mental exams. *Id.* Finally, the ALJ found Plaintiff's reported activities support a finding that her symptoms were under good control. *Id.*

Plaintiff argues the ALJ's analysis was flawed, as it was largely based on his rejection of multiple impairments at step two. ECF No. 21 at 9-10. Plaintiff further argues the ALJ offered speculation with no actual evaluation of the assessed symptoms or functional limitations, and did not give any explanation as to how Plaintiff's activities were inconsistent with the opinion. *Id.* at 11-13. Finally, Plaintiff argues that the opinion is not a check-box form and that Ms. Yoon provided detailed rationale to support the assessed limitations. *Id.* Defendant argues the ALJ adequately considered the supportability and consistency factors, reasonably finding the opinion to be conclusory, reliant on conditions that were not established, and inconsistent with the longitudinal record. ECF No. 24 at 11-14.

The Court finds the ALJ did not err. He reasonably considered both of the most important factors, discussing the lack of supporting explanation and records and noting the opinion's inconsistency with Plaintiff's activities and the record as a whole, particularly that many of the impairments listed were non-severe or had

---

[3] The document is cut off and does not reference use of the left arm. Another question, likely relating to time off-task based on the representative's standard form, is also cut off. Tr. 649.

resolved by the time of Ms. Yoon's opinion. While Plaintiff offers an alternative interpretation of the medical evidence, the ALJ's interpretation is supported by substantial evidence. "If the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the Commissioner." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

E.    **Step Five.**

Plaintiff argues that the ALJ erred in his step five determination because the vocational testimony was premised on an incomplete hypothetical stemming from an inaccurate residual functional capacity determination. ECF No. 21 at 20-21. Plaintiff's argument is based on successfully showing that the ALJ erred in his evaluation at one of the other steps of analysis. *Id*. Because the Court finds that the ALJ did not harmfully err in his assessment of the evidence, Plaintiff's argument is without merit.

## VIII.  CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1.    Defendant's Motion for Summary Judgment, **ECF No. 24**, is **GRANTED**.

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 21**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 19, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE